IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS,<br><br>          Plaintiffs,<br><br>  v.<br><br>TONY CARATACHEA, Individually and d/b/a TRUE WALL COMPANY, INC., a/k/a TRUE WALL CORP., INC., a dissolved Illinois corporation,<br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILED: JULY 25, 2008<br>08CV4236<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE SCHENKIER<br>EDA<br>No.<br><br>Judge |

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS, by their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, ANTHONY B. SANDERS, and ARNOLD AND KADJAN, complain against the Defendants **TONY CARATACHEA, Individually and d/b/a TRUE WALL COMPANY, INC., a/k/a TRUE WALL CORP., INC.,** a dissolved Illinois corporation, as follows:

**COUNT I**

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

## The Parties

3.      The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Joint Cooperation Trust Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4.      The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements

5.      The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6.      Defendant **TONY CARATACHEA, individually and d/b/a** is an employer engaged in an industry affecting commerce. On or about **August 6, 2003**, **CARATACHEA** by and through **TONY CARATACHEA**, entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **CARATACHEA** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the agreement is attached as Exhibit "1." **CARATACHEA** also did business under the name of **TRUE-WALL CORP., INC.**, a dissolved Illinois corporation that was dissolved

on October 1, 2004.

## The Agreements

7.      Pursuant to the provisions of the Labor Agreement, **CARATACHEA** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **CARATACHEA** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.      Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **CARATACHEA** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **CARATACHEA** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **TRUE-WALL** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

## The Claim

9.      **CARATACHEA** have breached the provisions of the Labor Agreement and Trust Agreements by failing to pay all of the required contributions owed for the audit period from September 1, 2007 through May 31, 2008 in an amount not presently precisely ascertainable but which on information and belief is at least $13,632.47 for contributions, $1,778.15 for liquidated damages, $2,045.16 for accumulated liquidated damages, $866.71 for discrepancies resulting in underpayments, and $765.00 for audit costs.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **CARATACHEA** are required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

11. Plaintiffs have complied with all conditions precedent in bringing this suit.

12. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **CARATACHEA.**

13. **CARATACHEA** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

14. Pursuant to 29 U.S.C. Section 1132(g)(2)( c ) Plaintiffs are entitled to an amount equal to the greater of:

(I)   interest on the unpaid contributions; or

(ii)  liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A  .That judgment be entered in favor of Plaintiffs and against **CARATACHEA** in the amount of $17,309.34.

B.   That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g);

4

C. That **CARATACHEA** be enjoined from violating the terms of the Labor Agreement and Trust Agreements by failing to make timely payments to the Funds and to be ordered to resume making those payments; and

D. That this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

### Jurisdiction and Venue

1-2. Plaintiffs reallege paragraphs 1 through 2 of Count I as and for paragraphs 1 and 2 of this Count II.

### The Parties

3-6. Plaintiffs reallege paragraphs 3 through 6 of Count I as and for paragraphs 3 through 6 of this Count II.

7. Defendant **TONY** ( **"CARATACHEA"**), at all pertinent times herein, was the president of **TRUE-WALL** through the date of its involuntary dissolution.

### The Agreements

8-9. Plaintiffs reallege paragraphs 7 through 8 of Count I as and for paragraphs 8 through 9 of this Count II.

10. Pursuant to Article XV, Section 1(b)(I) of the Labor Agreement, employers are required to post a performance bond in the amount of $50,000.00 to ensure the prompt payment of all contributions owed to the Funds before commencing any work covered by this Agreement. Article XVII, Section 1(b)(iii) provides that in the event that the Employer is a corporation and the employer fails to post the required bond, the Employer and each corporate official empowered to

execute agreements or sing checks on behalf of the corporation and/or empowered to designate persons to execute agreements or sign checks on behalf of the corporation shall be personally liable to the Funds in the amount of $50,000.00 plus all unpaid amounts in excess of that sum which are owed to the Funds by the Employer.

## The Claim

11.   **TRUE WALL**  has not posted the performance bond required by Article XVI, Section 1(b)(I) of the Labor Agreement.

12.   **TRUE WALL** is liable to the Funds and **CARATACHEA** is personally liable to the Funds in the amount of $50,000.00, plus any unpaid amounts in excess of that sum that are owed to the Funds by **TRUE-WALL.**

## Relief Sought

**WHEREFORE,** Plaintiffs pray for relief as follows:

A..   That Defendants **TRUE-WALL**  and **CARATACHEA**   be ordered to perform specifically all obligations that they have undertaken pursuant to the Labor Agreement and the Trust Agreements;

B.   That judgment be entered in favor of Plaintiffs and against the Defendants **TRUE-WALL** and **CARATACHEA** in the amount of $50,000.00, plus any unpaid amounts in excess of that sum which are owed to the Funds by **TRUE-WALL.**

C.   That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorney's fees and court costs incurred in the prosecution of this action together with liquidated damages at the rate up to 20%, all as provided in the applicable agreements and 29 U.S.C. Section 1132(g)(2);

E. That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against **TRUE-WALL** and **CARATACHEA**;

F. That this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION
FUND, et al

_S/James R. Anderson_
One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

# Exhibit 1

PAINTERS' DISTRICT COUNCIL #14
(MEMORANDUM OF TAPING AGREEMENT)

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union" and True Wall Company, referred to as "the Employer", Witnesseth That:

WHEREAS, THE CHICAGOLAND ASSOCIATION OF WALL AND CEILING CONTRACTORS/GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS (hereinafter "ASSOCIATION"), and the UNION have reached agreement on Wages, Hours and terms and conditions of employment for the period of June 1, 1997 to May 31, 2004.

WHEREAS, the parties to this Agreement wish to promote continued employment in the Industry, prevents interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each employer's Taping employees, has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditions of The Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 1997, and hereby reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are no inconsistent with the provisions of the Agreement, and hereby agrees to the changes in the Agreement between and the Union and the Association and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof.

3. The Collective Bargaining Agreement between the Union and Association, June 1, 1997, to May 31, 2004, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to be bound by the terms of the applicable Association Bargaining Agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 2002 through May 31, 2003

| NEW TAPING CONTRACT | TOTAL PER HOUR $1.75 | | |
|---|---|---|---|
| Wages | $29.85 | 1.25 | Increase |
| Welfare Fund | $4.30 | .30 | Increase |
| Pension Fund | $4.30 | .10 | Increase |
| Savings | .75 | (Deducted from Wages) | |
| Joint Cooperation | .05 | No | Increase |
| Education & Scholarship | .01 | No | Increase |
| Industry Promotion | .03 | No | Increase |
| JATC | .43 | .10 | Increase |

5. This Agreement shall become effective at 12:00 A.M., June 1, 2000, and shall remain in full force and effect until 12:00 P.M., May 31, 2004, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

6. This document is the complete written agreement between the parties and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary their terms of the written contract.

7. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEROF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this ___6th___ day of ___August___, 200_3_!

EMPLOYER:

FIRM: _True Wall Company Inc_
(PRINT)

ADDRESS: _PO Box 305   Blue Island IL  60406_
(PRINT)

NAME & TITLE _Tony Caratachea / President_
(PRINT)

SIGNATURE X _[signature]_

---

Gerald C. Harms
Business Manager/Secretary-Treasurer
Painters' District Council #14